UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JUSTIN EDMISTEN,<br><br>                                   Plaintiff,<br>v.<br><br>PICKENS, *et al.*,<br><br>                                 Defendants. | Case No. 3:22-cv-00439-ART-CLB<br><br>ORDER OVERRULING OBJECTIONS TO DENIALS OF PREMATURE MOTIONS FOR SUMMARY JUDGEMENT (ECF NOS. 24, 41) |

      Plaintiff Justin Edmisten brings this case against several employees of Ely State Prison, alleging Defendants used excessive force against him, or oversaw the use of excessive force against him, which resulted in his bloodied face, vision impairment, ear damage, and other serious injuries. Before the Court are two Objections (ECF Nos. 24, 41) to Magistrate Judge Carla Baldwin's Orders (ECF Nos. 23, 36), which deny Mr. Edmisten's Motions for Summary Judgement because they were filed too early in the litigation process. This Court agrees with Judge Baldwin's reasoning, so it overrules Mr. Edmisten's Objections and upholds Judge Baldwin's orders.

      When a magistrate judge makes a "non-dispositive" decision—one that does permanently resolve aspects of the case—a district judge may overturn that decision if it is "clearly erroneous or contrary to law." *Bhan v. NME Hospitals, Inc.*, 929 F.2d 2404, 1414 (9th Cir. 1991); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); LR IB 3-1(a). Though decisions on motions for summary judgment are usually dispositive, they are not dispositive when, like here, the plaintiff is free to seek summary judgement again at a later date.

      A party against whom summary judgement is sought "must have had sufficient time and opportunity for discovery before a moving party [can seek

summary judgement]." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1105-06 (9th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, (1986)). Although Fed. R. Civ. P. 56 allows a party to file a motion for summary judgment "at any time," that rule also allows the court to deny the motion or order a continuance for the opposing party to pursue discovery. Fed. R. Civ. P. 56 (Advisory Committee's Notes (2010 Amendments Subdivision (b)).

Mr. Edmisten filed his first Motion for Summary Judgement before discovery began in this case. (ECF No. 22.) He filed his second motion just one month into discovery. (ECF No. 35.) This did not give either side enough time to develop evidence in support of their claims. If neither side can develop evidence, then a motion for summary judgement—which asks the court to determine that one side has insufficient evidence as a matter of law—is inappropriate. *See Nissan Fire*, 210 F.3d at 1105-06.

The Court wants to be clear: this Order does not bar Mr. Edmisten from filing a motion for summary judgment in the future. Nor does it say anything about the strength of Mr. Edmisten's claims. Mr. Edmisten will have to wait for an appropriate time to file his motion. A motion for summary judgement would be more appropriate once discovery has ended or is at least significantly underway. The Court reminds Mr. Edmisten that discovery is set to complete on January 15, 2024. (ECF No. 28.)

It is therefore ordered that Mr. Edmisten's Objections (ECF Nos. 24, 41) to Judge Baldwin's Orders dismissing his Motions for Summary Judgement as premature are overruled.

Dated this 26th day of October 2023.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE